Richard E. JOHNSON, Plaintiff,

v.

INTERNATIONAL UNION, UAW, et al., Defendants.

Civ. A. No. 82–40292.

United States District Court,
E.D. Michigan, S.D.

April 22, 1983.

John Noel Mackinnon, Detroit, Mich., for plaintiff.

Daniel G. Galant, Detroit, Mich., Bruce A. Miller, Christopher P. Legghio, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

### I. FACTS

This is a Taft-Hartley Act section 301 action brought by Richard E. Johnson against General Motors Corporation (GMC), UAW Local 174 and the UAW International Union. Plaintiff alleges that defendant GMC discharged him in violation of the GMC–UAW collective bargaining agreement. Plaintiff also alleges that defendant union breached its duty of fair representation in processing this grievance.

Pending are three motions. Defendant GMC and defendant union have filed motions for summary judgment. Pending also is plaintiff's motion to compel answers to interrogatories.

The interrogatories pertain to various defenses that plaintiff apparently seeks to assert against defendant's offensive utiliza-tion of the *Clayton* intra union exhaustion requirement. Defendant unions contend, however, that because plaintiff never attempted to exhaust intra-union remedies, plaintiff should be barred from invoking the *Clayton* defense. Given that defendant union's argument is correct, the discovery requests of plaintiff become irrelevant. Furthermore, preclusion of the *Clayton* defense would virtually assure the success of defendants' summary judgment motion.

On March 17, 1983, the Court heard arguments on the issue of whether attempted exhaustion is a prerequisite to utilization of the *Clayton* defense. Subsequent to the hearing, the parties have filed supplemental briefs.

### II. LEGAL ANALYSIS

Defendants advance three basic arguments in favor of the attempted exhaustion requirement. First, defendants hearken to the following language from Justice Rehnquist's dissent in *Clayton*:[1] "An additional question which is also of great importance is whether a union should ever be found to have breached its duty of fair representation when a union member shuns an appeals procedure which is both mandated by the union and established for the purpose of allowing the union to satisfy its duty of fair representation. It seems to me not at all unreasonable to say that a union should have the right to require its members to give it the first opportunity to correct its own mistakes. Responsible union self government demands a fair opportunity to function. This is especially true in a situation such as here where exhaustion of the union remedies could eliminate the need to litigate altogether."

The Court is not nearly as impressed with this quotation as defendants. While Justice Rehnquist is correct in placing emphasis on the union self government policy, he omits consideration of two important policy objectives. First, an absolute attempted exhaustion requirement eliminates judicial discre-

1. *See Clayton v. U.A.W.*, 451 U.S. 679, 701, 101 S.Ct. 2088, 2101, 68 L.Ed.2d 538 (dissenting opinion of Justice Rehnquist).

tion in cases like the instant case. This is at odds with the judicial discretion that the *Clayton majority* recognized as to the intra union exhaustion issue.[2]

Second, the quoted passage does not address the issue of the employee that faces an intra union appellate procedure that he knows is delay clogged. The Court's reading of *Clayton* indicates that such an employee has a valid interest in being excused from intra union exhaustion.[3] An easy inference is that the hypothetical employee also has an interest in being excused from needless attempts at exhaustion.

Defendants next seek to muster support from two federal district court cases requiring attempted exhaustion as a prerequisite to the invocation of the *Clayton* defenses. The two cases are *Richards v. U.A.W.*, 108 LRRM 3262 (S.D.Ind., 1981) and *Maine v. G.M.C.*, 111 LRRM 2492 (D.Kan., 1982).

Here too the Court is not persuaded by defendants references. *Richards* denotes a scant one sentence to the attempted exhaustion requirement issue[4], *Maine*, a mere paragraph.[5] The purport of these brief comments is that absent an attempt at exhaustion, the union delay defense is too speculative. While this conclusion may be valid in some instances, it certainly is not valid with respect to the employee who has a reasonable belief that the intra-union appeal mechanism is delay clogged.

Finally, defendants point out that in a recent bench memorandum in the *Ray* case, this Court held that there was nothing about the UAW intra-union review mechanism that was delay oriented.[6] The *Ray* decision is an important precedent that may well control the instant case. But *Ray* certainly is not res judicata as to the instant case, and this Court will not hold that plaintiff is collaterally estopped from litigating the delay issue in this case. Plaintiff should be aware, however, that it will take a strong show of proof to overcome the *Ray* precedent.

Thus, the Court is not persuaded by defendants arguments. Rather the Court believes that it is unwise to impose a rigid attempted exhaustion rule. Such a rule does not necessarily follow from *Clayton*. Indeed, a large part of the *Clayton* philosophy deals with careful individualized determinations of the application of the exhaustion rule in given cases. This philosophy would be frustrated by a rigid attempted exhaustion requirement.

It follows that defendant unions cannot resist plaintiff's motion to compel discovery on the basis of the attempted exhaustion rule. The Court has studied plaintiff's interrogatories[7] and has concluded that they relate to relevant *Clayton* defenses. Thus, the interrogatories must be answered. The Court ORDERS defendant unions to answer the said interrogatories within 20 days from the date of this Order.

The Court will allow plaintiff to file a response to the pending summary judgment motion up to forty days from the date of this Order. Shortly thereafter the Court will enter an opinion deciding the summary judgment motion.

## III. CONCLUSION AND ORDER

For the reasons stated in the foregoing opinion, the Court GRANTS plaintiff's pending motion to compel answers to interrogatories and defendant union is ORDERED to answer the said interrogatories within 20 days from the date of this Order. The Court will decide the pending summary judgment motion according to the schedule set out in part II of this opinion.

IT IS SO ORDERED.

---

2. *See id.* at 689.

3. *See e.g. id.* at 693–696.

4. *See Richards v. U.A.W.*, 108 LRRM 3262, 3265 (S.D.Ind., 1981).

5. *See Maine v. G.M.C.*, 111 LRRM 2492, 2495 (D.Kan., 1982).

6. *See Ray v. G.M.C.*, # 80–40378 (E.D.Mich., 3/17/82).

7. *See* interrogatories filed at docket entry # 24.